**Jasbir Singh SAINI; Neeru Saini; Nishank Saini, Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**Nos. 03–71213.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 13, 2005.

Marshall G. Whitehead, Esq., Phoenix, AZ, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Margaret Perry, Esq., Jacqueline R. Dryden, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., and William G. Cole, Esq., DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Jasbir Singh Saini, his wife Neeru Saini and son Nishank Saini, natives and citizens of India, petition for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

The IJ's adverse credibility determination is supported by substantial evidence because there were inconsistencies in the Sainis' testimony that went to the heart of their asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because the Sainis did not testify credibly, they did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claim of entitlement to asylum is based upon the activities of Jasbir Singh Saini. His wife and son claim refugee status derivatively if asylum is granted to Mr. Saini.

720, 723 (9th Cir.1997). It follows that they failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1250 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**